## COY ROGERS v. THE STATE.

No. 14182. Delivered May 6, 1931.

The opinion states the case.

*John E. Sentell,* of Snyder, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, the unlawful carrying of a pistol; punishment, a fine of $100.

Bill of exception No. 2 relates to the remarks of the court to the jury after they had failed to agree upon a verdict. The bill shows the following: That after the evidence and argument of counsel had closed and after the jury had deliberated on its verdict for about three and a half hours, Judge Horace Holley, the judge presiding at said trial, went alone into the jury room while they were considering their verdict and engaged in conversation with members of the jury and in the hearing of all of the jury asked, concerning the verdict, how the jury stood, whereupon the foreman replied "Four to two". The judge then said, "Two of you are awfully contrary", whereupon the foreman said, "One has come over". The bill further shows that he talked to them as to whether they wanted to go to supper or continue their deliberations without supper. The bill shows that the jury at the time of this conversation stood four for conviction and two for acquittal and in about fifteen or twenty minutes after the above conversation, the jury returned a verdict of guilty against appellant.

The judge trying the case had no right to go into the jury room while they were considering their verdict and to discuss the same with them. The statement of the court to the jury that two of them were "awfully contrary" drives us to the conclusion that under the circumstances the trial court's statement might easily be construed by said two jurors who stood out for acquittal as directed at them and as evidencing a desire on the part of the court that they should agree to what the others had agreed on. Under the circumstances we believe this was manifestly error, and calls for a reversal. See Womack v. State, 117 Texas Crim. Rep., 346, 35 S. W. (2d) 723; Golden v. State, 89 Texas Crim. Rep., 525, 232 S. W., 813; also Lagrone v. State, 84 Texas Crim. Rep., 609, 209 S. W., 411.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.