523 P.2d 499
STATE of Arizona, Appellee,
v.
Damon Carl WERRING, Appellant.
No. 2828.

Supreme Court of Arizona,
In Division.
June 13, 1974.
Rehearing Denied July 16, 1974.

Gary K. Nelson, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

This is an appeal from a verdict and judgment of guilty of the crime of robbery and the resulting sentence of five to fifteen years in prison.

Since it is apparent that this case must be reversed, we will consider only the principal issue. For this purpose, the facts of the crime are irrelevant; it is the conduct of the judge to which our attention must be directed.

At the conclusion of the case, after the jury had been instructed and had been deliberating for about twenty minutes, the jurors sent to the courtroom a slip of paper containing three questions. The judge called the prosecutor and defense counsel into his chambers. The latter asked to see the written questions. The judge refused but read the questions to the attorneys and at the same time refused to have a court reporter or clerk present and made no reference to the event in his minute entries. The judge then entered the jury room and, upon his return, advised counsel that in addition to answering the questions on the slip, some of the jurors asked questions to which the judge orally responded! A few minutes later, the jury returned a verdict of guilty. At the time the judge entered the jury room, no one accompanied him; neither the defendant, the attorneys, the clerk, nor a court reporter. Although the record on appeal reflects this series of events only in defendant's motion for a new trial, the state doesn't deny the occurrences but merely tries to minimize the prejudicial effect.

Defense counsel filed a motion for a new trial in combination with his attempt to make a record. The judge indicated that the motion would be denied and that he would not listen to any argument, but that counsel could make his argument for the record by doing it before the court reporter in the court's absence! In the motion for a new trial, defense counsel stated that a record should be made, and he put in the motion his best recollection of the above events. This included a claim that the court had erred in commenting on the evidence after the jury had commenced its deliberations, in refusing to let defense counsel see the written questions submitted by the jury and in orally answering oral questions in the jury room. Counsel further stated that he felt the defendant's case had been prejudiced, that he had been denied a fair trial, and that the error was fundamental.

We condemn the conduct of the judge in as strong terms as is possible. In State v. Burnetts, 80 Ariz. 208, 295 P.2d 377 (1956), we were confronted with an almost identical situation and said:

" . . . the Attorney General in person, with commendable frankness has confessed error, stating:

" 'After reviewing all the authorities, the State can come to only one conclusion: that it is reversible error for the trial judge in a criminal case to communicate with members of the jury after it has retired to deliberate, unless such communication is done in open court in the presence of defendant and counsel.'

" . . . the place for the judge is on the bench. As to him, the law has closed the portals of the jury room and he may not enter. . . .

" . . . where the communication concerned the case and not merely extraneous matters, we are of the opinion that the defendant is not required to show actual prejudice." 80 Ariz. at 210–212, 295 P.2d at 378.

In that case we made a thorough study of the law in other jurisdictions and found that this was the law wherever we turned. Further citations would serve no useful purpose.

The judgment of the Superior Court is reversed and the case is remanded for a new trial.

CAMERON, V. C. J., and LOCK-WOOD, J., concur.