588 P.2d 846

**The STATE of Arizona, Appellee,**

v.

**Johnny Ortega CORRALES, Appellant.**

**No. 2 CA–CR 1265–2.**

Court of Appeals of Arizona, Division 2.

Sept. 21, 1978.

Rehearing Denied Oct. 11, 1978.

Review Denied Oct. 31, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Sheldon Lazarow, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty of second-degree burglary and grand theft and sentenced to serve concurrent terms of five to ten years for the burglary conviction and ten to fifteen years for the grand theft conviction.

Appellant's first point is that the court improperly communicated with the jury outside the presence of the prosecutor, defense counsel and the accused. After approximately two and one-half hours of deliberation, the jury sent a message to the judge containing the following:

"Did the Bonneville car have headrests which could have obscured the view from behind?

We cannot reach a decision."

Counsel for appellant claims that a decision was reached shortly after the judge's communication back to the jury. It is not clear from the record whether the message was contained in one note or two. At the hear-

ing on the motion for new trial, the trial judge testified that, "The only thing that I told them was to continue with their deliberations."

As a general rule, it is error for the trial court to answer questions of fact or law propounded by the jury after the jury has retired, outside the presence of the attorneys and without stipulation of the parties. *State v. Robin*, 112 Ariz. 467, 543 P.2d 779 (1975); *State v. Werring*, 111 Ariz. 68, 523 P.2d 499 (1974). Rule 22.3, Arizona Rules of Criminal Procedure provides:

> "After the jurors have retired to consider their verdict, if they desire to have any testimony repeated, or if they or any party request additional instructions, the court may recall them to the courtroom and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. Such testimony may be read or instructions given only after notice to the parties."

We agree with appellee that the court's instruction to continue deliberations is neither communication concerning the facts of the case nor the law of the case. However, the purpose of Rule 22.3 is to prevent the court from injecting its own opinions into the jury's interpretation of the facts. As we said in *State v. Streyar*, 119 Ariz. 607, 583 P.2d 263 (App.1978), "It is the possibility of coercive effect in the query that must be scrupulously avoided." A communication to the jury to continue deliberations after they have been deliberating for a few hours, appellant claims, carries with it an implication that the trial court will wait until the hold-outs cave-in.

The rule is clear and trial courts are reminded that no communication is to be had with the jury during deliberations without first notifying counsel and the accused. The danger that the judge may not remember the events clearly, as demonstrated in the instant case, requires the making of a record in the presence of all parties.

We are cognizant of our decision in *State v. Davis*, 117 Ariz. 5, 570 P.2d 776 (App. 1977) in which we held communication to the jury outside the presence of counsel to be harmless error. In that case, the trial judge laid aside the written communications from the jury, dating and signing them, thereby preserving the record for appeal. While we pointed out that the court's actions were improper, we were able to weigh the possibility of prejudice to the defendant and found none.

The danger before us now is that an accused must appeal with an incomplete record, where it cannot even be agreed whether one or two notes were sent by the jury. The record would appear to support two, but the trial judge only remembered one at the hearing on the motion for new trial.

As we said in *Streyar*, supra, communications between the trial judge and the jury, other than in open court in the presence of the accused and counsel, have mandated reversal where potential prejudice was found, citing *State v. Burnetts*, 80 Ariz. 208, 295 P.2d 377 (1956). We believe the possibility of coercive effect in the instant case brings it within that rule and we therefore reverse appellant's conviction.

The second point raised by appellant is that there was insufficient evidence to sustain a conviction for grand theft. Because we believe this point may not surface even if appellant is retried, we will not consider it.

Reversed.

RICHMOND, C. J., and HOWARD, J., concur.