## THE STATE OF NEVADA, Appellant, v. JOY GRAFF, Respondent.

No. 10823

May 22, 1980                                                  611 P.2d 196

*Richard Bryan*, Attorney General, and *David B. Small*, District Attorney, Carson City, for Appellant.

*Carl F. Martillaro*, Carson City, for Respondent.

## OPINION

By the Court, Gunderson, J.:

Respondent was tried by a jury on six counts of unlawful possession of drugs. She was convicted on four counts; acquitted on two counts. Ascertaining that the trial judge had communicated with jurors during deliberations, Judge McKibben ordered a new trial. The State appeals, arguing that no prejudice to respondent had been shown.

The communication by the trial judge was not upon an extraneous matter. The jurors agreed that because they were having difficulty applying an instruction, the trial judge entered the jury room and gave an example of "possession." As the State acknowledges, this action contravened NRS 175.161.[1] After

[1] NRS 175.161 provides in material part:

"1.  Upon the close of the argument, the judge shall charge the jury. He may state the testimony and declare the law, but shall not charge the jury in

the judge's communication, two of the jurors changed their votes on two counts to "not guilty."

In our view, if a trial judge enters a jury room and communicates with deliberating jurors on a subject relevant to the case, reversal is required. We decline to adopt the views expressed in cases cited by the State. *See, e.g.,* State v. Pokini, 526 P.2d 94 (Haw. 1974) and Wiseman v. People, 498 P.2d 930 (Colo. 1972). As the Arizona Supreme Court has written:

> . . . We find that in practically all of the reported cases appellate courts properly regard communications between the trial judge and jurors, relative to the trial, as of a more serious nature and more likely to have a prejudicial effect than communications between other court officials or attendants and jurors. This for the reason that the jurors look to the judge as their impartial authority and guide in their deliberations. In a criminal case there is a tendency to afford the defendant even greater protection than in civil cases. Under facts such as are shown here, where the communication concerned the case and not merely extraneous matters, we are of the opinion that the defendant is not required to show actual prejudice.

State v. Burnetts, 295 P.2d 377 at 379 (Ariz. 1956).
Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

respect to matters of fact; such charge shall be reduced to writing before it is given; and in no case shall any charge or instructions be given to the jury otherwise than in writing, unless by the mutual consent of the parties. . . ."