672 P.2d 944

**STATE of Arizona, Appellee,**

v.

**Albert Lee SHUMWAY, Appellant.**

**No. 5910–PR.**

Court of Appeals of Arizona,
Division 1, Department B.

March 17, 1983.

Rehearing Denied April 28, 1983.

Review Granted June 14, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Barbara A. Jarrett, Asst. Attys., Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

Appellant/defendant Albert Lee Shumway was charged by indictment dated October 21, 1980, with negligent homicide, a class 4 felony. Appellant entered a plea of not guilty and the matter was set for trial before a jury. At trial, the state presented the following evidence.

At approximately 6:45 p.m. on August 25, 1980, defendant was traveling east on Northern Avenue in his Buick station wagon. Defendant passed a motorcycle driven by Ernie Padilla, who testified at trial that defendant was traveling at approximately 80 to 90 m.p.h. Defendant then swerved into the westbound lane and the path of an oncoming vehicle driven by Gordon Langham. Langham swerved off the road in order to avoid a collision with defendant. Langham turned around quickly and pursued defendant in order to get his license number so that he could report the incident. Langham was unable to overtake defendant's vehicle.

Continuing in an easterly direction on Northern Avenue, defendant collided head-on with an Oldsmobile at 59th Avenue as the driver of the Oldsmobile, Mrs. Sue Ellen Henderson, attempted to make a lefthand turn from Northern to 59th Avenue. The force of the collision crushed Henderson and she died at the scene of the accident.

Defendant was given a field sobriety test at the scene of the accident, which he passed. Defendant then agreed to take a breathalizer test, the results of which showed that he had .11 percent blood alcohol content.

After a four day trial, the jury returned a verdict finding defendant guilty of negligent homicide. The trial court sentenced defendant to the presumptive term of four years in prison. This appeal followed. We have jurisdiction to hear this appeal pursuant to A.R.S. §§ 12.120.21(A)(1), 13–4031, and 13–4033.

Defendant raises two issues. First, did the trial court err in refusing to give his requested jury instruction No. 1 which reads as follows:

> The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

Secondly, did the trial court commit reversible error by communicating with the jurors outside the presence of defendant or his counsel after the jurors began their deliberations? Because we determine that this second issue requires reversal of the conviction, we address this issue first.

The minute entry record of the proceedings indicates that after the jury had begun their deliberations, the court received the following note:

> What blood-alcohol level is considered illegal in the State of Arizona and or Glendale?

Without consulting either attorney or the defendant, the trial court sent the following written response to the jurors:

> There is no law in Arizona that states a specific blood alcohol level that is legal or illegal. The blood alcohol level is one fact

to be considered with all of the other facts.

◼ The state first urges that defendant failed to lodge a timely objection to the preceding communication. Absent fundamental error the lack of a timely objection at trial generally operates as a waiver for purposes of appeal, asserts the state, citing *State v. Mata,* 125 Ariz. 233, 609 P.2d 48 cert. denied 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980). The state acknowledges, however, that the record does not reflect whether defendant was ever apprised of the preceding communication by the trial court so as to provide an opportunity for him to voice his objection at the trial level. Because the record is unclear on the question whether defendant knowingly waived his right to object to the communication, we will address the merits of the issue.

Rule 22.3, Arizona Rules of Criminal Procedure, provides:

> After the jurors have retired to consider their verdict, if they desire to have any testimony repeated, or if they or any party request additional instructions, the court may recall them to the court room and order the testimony read or give appropriate additional instructions. The court may also order other testimony read or give other instructions, so as not to give undue prominence to the particular testimony or instructions requested. *Such testimony may be read or instructions given only after notice to the parties.* (emphasis added)

The purpose of this rule is to prevent the court from injecting its own opinions into the jury's interpretation of the facts, *State v. Corrales,* 121 Ariz. 104, 588 P.2d 846 (App.1978).

◼ Generally, it is reversible error for the trial court to communicate with members of the jury after they have retired to deliberate, unless the defendant and his counsel have been notified and have been given an opportunity to be present. *State v. Mata, supra; State v. Robin,* 112 Ariz. 467, 543 P.2d 779 (1975); *State v. Werring,* 111 Ariz. 68, 523 P.2d 499 (1974); *State v.*

*Burnetts,* 80 Ariz. 208, 295 P.2d 377 (1956); *State v. Hilliard,* 133 Ariz. 364, 651 P.2d 892 (App.1982); *State v. Corrales, supra.* The state argues, however, that where it may be said, beyond a reasonable doubt, that there was no prejudice to the defendant, a communication between the judge and jury, outside the presence of defendant and his counsel, is harmless error. For this proposition the state cites *State v. Mata, supra.* The state contends that defendant was not prejudiced by the communication between the trial court and the jurors in the present case, and thus, any error committed by the trial court in answering the juror's legal question was harmless beyond a reasonable doubt. We do not agree.

In *State v. Mata,* the trial court, in response to questions asked by the jurors, informed the jurors that they would have to rely on the testimony they had heard and that the issues would probably be clarified by further examination or by the court's instructions. These communications were without notice to defense counsel. Recognizing that prior cases on the subject indicated that prejudice need not be shown, *see, e.g., State v. Robin, supra; State v. Burnetts, supra,* the supreme court nevertheless found no reversible error stating that "[w]e are convinced . . . that no prejudice resulted to defendant." 125 Ariz. at 241, 609 P.2d at 56. The trial court's responses to the jurors' inquiries operated as refusals to answer and did not involve the judge giving the jury information as to either the facts of the case or the law of the case. The court stated "we cannot conceive of any coercive effect that [the trial court's responses] could possibly have had upon the jury." *Id.*

◼ In contrast to the innocuous responses given in Mata, the court's response in this case contained information regarding the law of the case. Furthermore, the statement was an incorrect expression of the law. At the time of the incidents of this case, A.R.S. § 28–692(B)(3) provided:

> If there was at that time 0.10 percent or more by weight of alcohol in the defendant's blood, it shall be presumed that the

defendant was under the influence of intoxicating liquor.

Additionally, the judge's comment that the evidence regarding blood alcohol level was one factor to be considered by the jury was an improper expression of his opinion concerning the importance of that evidence. We cannot say that defendant was not prejudiced by the court's comments. We therefore reverse defendant's conviction and remand the matter for a new trial. Ariz. Const. art. 6, § 27.

Because the first issue raised by defendant may arise again at the new trial, we will address that issue here.

Defendant states that he is entitled to an instruction on his theory of the case. *State v. Melcher,* 15 Ariz.App. 157, 487 P.2d 3 (1971); *State v. Reynolds,* 11 Ariz.App. 532, 466 P.2d 405 (1970). *See State v. Rupp,* 120 Ariz. 490, 586 P.2d 1302 (App.1978). Defendant's theory of the case was that Henderson made an illegal left turn in front of him which caused the accident. In determining the facts of the case, argues defendant, the jury was entitled to know the law applicable to the facts and he had the right to have the jury advised of the applicable law. Defendant requested that the jury be instructed in accordance with the statute dealing with left turns, A.R.S. § 28–772.[1] The trial court refused to give defendant's requested instruction and he submits that this was error.

■ It is a well established rule that where the state seeks to punish negligent conduct criminally, the contributing negligence of the victim is no defense. *Hart v. State,* 75 Wis.2d 371, 249 N.W.2d 810 (1977). *See also State v. Pope,* 6 Conn.Cir. 712, 313 A.2d 84 (1972); *People v. Pociask,* 14 Cal.2d 679, 96 P.2d 788 (1939); Annot. 20 A.L.R.3d 473, 481 § 5 (1968); Annot. 57 A.L.R. 922 (1930). Negligence of the deceased may be considered, however, with reference to the issue of whether the defendant's culpable negligence was the proximate cause of

death. *Wren v. State,* 577 P.2d 235 (Alaska 1978); *Prince v. State,* 12 Ohio App. 347 (1919); *Williams v. State,* 554 P.2d 842 (Okl. Cr.App.1976); *Copeland v. State,* 154 Tenn. 7, 285 S.W. 565 (1926). In order to constitute a defense to a charge of negligent homicide, however, the decedent's negligence must be shown to have been the sole proximate cause of the injuries resulting in death. *State v. Pope, supra; Prince v. State, supra.* This is so because if the defendant's negligence was the cause of the decedent's death, the defendant would be responsible under the criminal law even if the decedent failed to use due care since contributory negligence is no defense. *People v. Clark,* 295 Mich. 704, 295 N.W. 370 (1940); *State v. Campbell,* 82 Conn. 671, 74 A. 927 (1910). With these legal concepts in mind, we turn to the facts of this case.

■ In his notice of defenses, defendant specified the following: 1) defendant's conduct was not criminally reckless; 2) defendant's conduct was not the cause of the accident; 3) the amount of alcohol in defendant's blood did not impair his driving ability or judgment; 4) the speed at which defendant's vehicle was traveling was not excessive for the existing condition; and 5) the victim failed to yield the right of way while making a left turn in violation of A.R.S. § 28–772. At trial, Stephen Willis of the Glendale Police Department testified and identified exhibits which indicated that the collision occurred as Henderson was making a lefthand turn in front of defendant. Willis determined that defendant's car skidded 150 feet and 6 inches before impact. In light of the great weight of evidence against defendant regarding his excessive speeding and inebriated state at the time of the collision, it appears unlikely that he would be able to convince a jury that Henderson's conduct was the sole cause of this accident. Nevertheless, defendant is entitled to have the jury instructed on the law relevant to his theory of the case if sus-

---

1. Defendant's requested instruction 1 reads as follows:

   The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

tained by the evidence. *State v. Melcher, supra; State v. Reynolds, supra.* The cause of this accident is a fact question for the jury.

We note that the jury was not instructed that the conduct of the victim could go to the issue of proximate cause. *See Wren v. State, supra.* In that case, the defendant requested an instruction stating that the jury may consider the negligence of the deceased in determining whether the defendant's conduct was the proximate cause of death of the deceased. The court determined that the trial judge was careful to instruct the jury that the conduct of the victim could go to the issue of proximate cause. The court stated:

> In all likelihood, if the jury had believed that the deceased's conduct had the effect of rendering nonculpable [the defendant's] conduct in driving on the wrong side of the road, the jury would have found her conduct not to have been the proximate cause of Farry's death.

577 P.2d at 239. The court determined that, considering the speculative nature of the testimony concerning the deceased's conduct and the instructions given, any error in failing to give the additional requested instructions was harmless.

In the case at bar, however, no instructions were given regarding the conduct of Henderson as it bore on the issue of proximate cause. In fact, the only instruction given on causation was the following:

> The crime of negligent homicide requires proof that the defendant caused the death of another person by criminal negligence.
>
> Criminal negligence means that a person fails to recognize a substantial risk that his conduct will result in the death of another person. The risk must be such that failure to recognize it is a gross deviation from what a reasonable person would do in the situation.

Thus, while the evidentiary foundation for defendant's theory of the case is weak, we believe that it would have been preferable for the trial court to have given the requested jury instruction. Accordingly the trial court is ordered to give the requested instruction at the new trial.

The conviction is reversed and the matter remanded for a new trial in accordance with this opinion.

GREER, J., concurs.

FROEB, Presiding Judge, dissenting:

In my opinion, reversal of this conviction and retrial of the case is clearly unwarranted.

The majority holds that reversal is required because of the written response given by the trial judge to a question from the jury. I disagree for several reasons.

It is error for a trial judge to communicate with the jury after it has retired to deliberate, unless counsel have been notified and given an opportunity to participate. Whether it is *reversible* error to do so depends upon several other factors. None of the cases referred to by the majority announce an absolute, per se rule. Each deals with a different fact situation.

Unlike the situation in *State v. Werring,* 111 Ariz. 68, 523 P.2d 499 (1974) and *State v. Hilliard,* 133 Ariz. 364, 651 P.2d 892 (App. 1982) where the appellate court ordered a new trial after the trial judge entered the jury room to talk with the jurors, the judge in the present case sent a written response to the jury. Thus there is no question as to the content of the communication. A presumption of prejudice arises only where it is impossible to ascertain the impact of the communication upon the jury. *State v. Mata,* 125 Ariz. 233, 241, 609 P.2d 48, 56, *cert. denied* 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980). That is not the case here.

The charge in this case is negligent homicide, not D.W.I. The State is required to prove death of another by criminal negligence. Criminal negligence involves failure to recognize a substantial risk that the conduct will result in the death of another person. The effect of alcohol upon the conduct of the defendant is clearly a factor to

be taken into account by the jury, as it did in this case.

During their deliberation, the jury asked the judge "what blood-alcohol level is considered illegal in the State of Arizona and or Glendale?"

The judge's response, while given without consultation with counsel, was legally correct and soundly put to rest an inappropriate concern of the jury. He said:

> There is no law in Arizona that states a specific blood alcohol level that is legal or illegal. The blood alcohol level is one fact to be considered with all of the other facts.

I disagree that it incorrectly stated the law or constituted a comment on the evidence.

In my opinion, the error of failing to notify counsel before giving the written instruction was harmless beyond a reasonable doubt in this case.

The only remaining issue relates to the rejection by the trial judge of defendant's requested Instruction 1 quoted in the majority opinion. I find no error in this ruling. The instruction points only to potential contributory negligence of the victim which is not an issue in this criminal proceeding. Negligence of the deceased may be considered, however, with reference to the question of whether the defendant's conduct was the proximate cause of the death. While it might have been appropriate for the trial court to have given further instructions to the jury relating to causation, none were offered by defendant. In my opinion, the trial court did not err in refusing defendant's instruction as offered.