IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————————

THE STATE OF ARIZONA,
*Appellee*,

*v.*

CRISPIN GRANADOS,
*Appellant*.

No. 2 CA-CR 2013-0206
Filed August 5, 2014

———————————————

THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND
MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES.
NOT FOR PUBLICATION
*See* Ariz. R. Sup. Ct. 111(c); Ariz. R. Crim. P. 31.24.

———————————————

Appeal from the Superior Court in Santa Cruz County
No. CR10209
The Honorable James A. Soto, Judge

**AFFIRMED**

———————————————

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By Alan L. Amann, Assistant Attorney General, Tucson
*Counsel for Appellee*

Barton & Storts, P.C., Tucson
By Brick P. Storts, III
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Howard authored the decision of the Court, in which Judge Vásquez and Judge Miller concurred.

---

H O W A R D, Judge:

**¶1**      After a jury trial, Crispin Granados was convicted of kidnapping, second-degree burglary, two counts of sexual assault, aggravated assault, and aggravated harassment. On appeal, he argues the trial court deprived him of his right to a full and complete trial record and erred in failing to strike certain jurors.[1] We affirm.

**Factual and Procedural Background**

**¶2**      We view the evidence in the light most favorable to upholding the convictions. *State v. Pena*, 233 Ariz. 112, ¶ 2, 309 P.3d 936, 938 (App. 2013). In September 2010, P.L., at the time approximately seventy-two years old, went outside to feed her dog. Granados grabbed her, threw her against the wall several times, and told her that "he was going to suffocate [her] with [his] jacket." Granados then took P.L. inside the house and continued hitting her. He then took P.L. into her bedroom and sexually assaulted her.

**¶3**      Granados remained in the house for the next two days; he continually watched P.L. to ensure she did not leave the house, disconnected her telephones, threatened her, threatened to kidnap her grandchildren and kill her children if she told anyone about him, did not allow her to eat, and allowed her to have only one glass of water. During that time, Granados continued to physically assault P.L. and sexually assaulted her two more times.

---

[1]In a separate, contemporaneously filed, published opinion, we address two issues that meet the requirements for publication. *See* Ariz. R. Sup. Ct. 111(b), (h); *see also* Ariz. R. Crim. P. 31.26 (providing for partial publication of decision).

**¶4** On the third day, P.L. told Granados she would lift an injunction against harassment she had obtained against him before this incident if he allowed her to go to a previously scheduled doctor's appointment, and Granados agreed. P.L. met her daughter at the doctor's office, told her what had happened, and they reported it to the police.

**¶5** Granados was charged and convicted as noted above. He was sentenced to aggravated, enhanced, concurrent and consecutive terms of imprisonment totaling twenty years.

## Right to a Complete Transcript

**¶6** Granados argues the trial judge improperly "interfer[ed] with the translations of answers by Mr. Granados" which "deprived [him] of a complete transcript of his trial." Granados contends the trial court impermissibly interfered with the record by sustaining objections during testimony and failing to ensure that certain statements made by Granados during jury selection were accurately transcribed into the record. He contends this interference violated his right to appeal by depriving him of a complete trial record. *See* Ariz. Const. art. II, § 24.

**¶7** Granados did not make this argument below and therefore has forfeited review for all but fundamental, prejudicial error.[2] *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115 P.3d 601, 607 (2005). A fundamental error is "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not

---

[2]Granados contends we should review for "plain error" but Arizona courts do not apply that concept. *State v. Valverde*, 220 Ariz. 582, ¶ 9, 208 P.3d 233, 235 (2009) ("Alleged trial court error in criminal cases may be subject to one of three standards of review: structural error, harmless error, or fundamental error."); *see also State v. Henderson*, 209 Ariz. 300, n.4, 100 P.3d 911, 916 n.4 (App. 2004) (explaining similarities between federal concept of plain error and fundamental error), *vacated in part on other grounds by State v. Henderson*, 210 Ariz. 561, 115 P.3d 601 (2005).

possibly have received a fair trial.'" *Id., quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "To prevail on a claim of fundamental error, the [defendant] must first show error and then show that the error is fundamental and prejudicial." *State v. Edmisten*, 220 Ariz. 517, ¶ 11, 207 P.3d 770, 775 (App. 2009).

**¶8** Trial transcripts must be "satisfactory to afford defendant a meaningful right of appeal." *State v. Schackart*, 175 Ariz. 494, 499, 858 P.2d 639, 644 (1993); Ariz. Const. art. II, § 24. A record need not be perfect so long as it is of "'sufficient completeness for adequate consideration of the errors assigned.'" *Id., quoting State v. Moore*, 108 Ariz. 532, 534, 502 P.2d 1351, 1353 (1972). Even if a trial record is incomplete, we assume that it supports the judgment unless there is "'at least a credible and unmet allegation of reversible error.'" *Id., quoting State v. Masters*, 108 Ariz. 189, 192, 494 P.2d 1319, 1322 (1972).

**¶9** Additionally, the parties can take steps to reconstruct the record if parts of it are missing. Ariz. R. Crim. P. 31.8(f), (g), (h). These steps include the appellant preparing a statement of the evidence, the parties agreeing to a statement of the record on appeal, and the trial court resolving any disputes. *Id.*

**¶10** During trial, Granados testified in his defense in Spanish, and a court interpreter translated his answers into English. Granados seems to argue that because the court sustained objections during the interpreter's recitation of his answers, this court cannot fully review his testimony because "[p]arts of over 130 answers to questions during the testimony of Mr. Granados . . . were not transcribed," thus depriving the record of the "allegedly offending answer."

**¶11** Granados further contends the record is incomplete because several statements he made in Spanish during voir dire on the first day of trial were not translated into English. On the first day of trial, before jury selection, the trial court informed Granados it would give him the opportunity to address the court, but warned him that if he disrupted the proceedings, he would be removed from the courtroom. Despite these admonitions, several times throughout the proceeding, both in and out of the presence of the jury, the

record states Granados "[m]umbl[ed]" and "interrupt[ed] in Spanish." These interruptions were not translated into English. With each interruption, the court reminded Granados that he would be afforded the opportunity to address the court, which it provided several times, and requested that he refrain from interrupting the proceedings.

¶12        Granados complains the record is incomplete as to his own statements made in open court and on the record. Yet he did not undertake any of the available steps to preserve or expand the record. *See* Ariz. R. Crim. P. 31.8(f), (h); Ariz. R. Evid. 103(a). Additionally, nothing in the record suggests that his mumbling could have been understood, interpreted, and transcribed. And he was given the opportunity to address the court after several of these instances and was able to express his concerns on the record.

¶13        Granados has not shown the record is insufficient for adequate consideration of any credible allegation of reversible error or not satisfactory to afford him a meaningful right of appeal. *See Schackart*, 175 Ariz. at 499, 858 P.2d at 644. Accordingly, Granados has failed to show any error concerning the record.

¶14        In support of his argument, however, Granados relies on *State v. Hilliard*, 133 Ariz. 364, 368, 651 P.2d 892, 896 (App. 1982). But that case had a distinct procedural background different from what occurred here. In that case, the trial judge conversed off the record with a juror in the jury room, outside the presence of the defendant and his counsel and then failed to inform counsel of the conversation. *Id.* We stated that "[t]he most important fact is the actual physical intrusion of the judge into the jury room during the course of deliberations." *Id.* at 366, 651 P.2d at 894. In this case, Granados complains about his own statements' absence from the record. Accordingly, *Hilliard* does not support his claim.

¶15        Granados also appears to contend that because the trial court sustained objections during the English translation of his testimony and "[m]any of the jurors . . . were Spanish speakers," this court cannot review whether any of the Spanish testimony had a prejudicial impact on those jurors because the Spanish testimony is absent from the record. The jurors, however, were instructed both

before and at the end of trial that "[t]he evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation." And we presume jurors follow their instructions. *State v. Dann*, 205 Ariz. 557, ¶ 46, 74 P.3d 231, 244 (2003). Granados did not challenge this instruction below, nor does he argue it was inadequate here. Consequently, this contention is without merit.

¶16 Granados additionally appears to argue that because his impermissible testimony in Spanish during trial was not translated into the record, the trial court violated its "duty of making sure that evidence is ultimately provided in English." As Granados correctly points out, English is the language of Arizona courts. *State v. Cordova*, 109 Ariz. 439, 441, 511 P.2d 621, 623 (1973); *see also* Ariz. Const. art. XXVIII, § 2 ("The official language of the state of Arizona is English."). The proceedings during Granados's trial were conducted in English, albeit largely with the help of court-appointed interpreters as Granados and many of the witnesses spoke Spanish. Granados points to nothing in the record, nor can we find anything, that shows his trial occurred in any language besides English. We fail to see how the court's correct evidentiary rulings made during the English translation of Granados's testimony somehow violated its duty to conduct the trial proceedings in English. *See Cordova*, 109 Ariz. at 441, 511 P.2d at 623; *see also* Ariz. Const. art. XXVIII, § 2. We consequently reject this argument.

**Juror Issues**

¶17 Granados next appears to argue that the trial court erred by denying his motion to strike for misconduct two jurors who sat on the jury through trial, but were dismissed before deliberations. He argues that Juror K. was "laughing and misbehaving" and that Juror G. had been sleeping through various parts of the trial. "[W]e review a trial court's ruling on juror misconduct and the decision on whether to strike for an abuse of discretion." *State v. Payne*, 233 Ariz. 484, ¶ 100, 314 P.3d 1239, 1265 (2013), *cert. denied*, 134 S. Ct. 1518 (2014). But we will reverse only if

the defendant can show prejudice. *State v. Hickman*, 205 Ariz. 192, ¶ 28, 68 P.3d 418, 425 (2003).

**¶18**         "The trial court, which has the opportunity to observe the . . . juror's demeanor and the tenor of his answers, is in a position to determine first hand whether a juror can render a fair and impartial verdict." *State v. Chaney*, 141 Ariz. 295, 303, 686 P.2d 1265, 1273 (1984) (internal quotation marks and citations omitted). "Judges must respond to a claim of juror misconduct in a manner 'commensurate with [its] severity.'" *Payne*, 233 Ariz. 484, ¶ 103, 314 P.3d at 1266, *quoting State v. Miller*, 178 Ariz. 555, 557, 875 P.2d 788, 790 (1994) (alteration in *Payne*). Where an impartial jury convicts the defendant, the jury has not prejudiced the defendant. *Hickman*, 205 Ariz. 192, ¶ 31, 68 P.3d at 425.

**¶19**         After Granados testified on the eighth day of trial, the trial court addressed counsel concerning the entire jury's "facial expressions and perhaps eye contact" in response to the testimony. Granados's counsel took particular exception to Juror K.'s behavior and asked that he be excused. The court denied the motion, stating that it would instead "admonish all of the jurors."

**¶20**         On this record, we see no abuse of discretion. The trial court, sua sponte, addressed a potential problem that it saw with not only Juror K. but the entire jury panel. Nothing in the record suggests that the court's decision to admonish the jury as a whole was insufficient to correct any problem. *See Payne*, 233 Ariz. 484, ¶ 100, 314 P.3d at 1265. And given the court's proximity to the jurors, we defer to its judgment on Juror K.'s and the rest of the jury's ability to render a fair and impartial verdict. *Chaney*, 141 Ariz. at 303, 686 P.2d at 1273.

**¶21**         But whatever error might have existed in the trial court's refusal to excuse Juror K. based on an appearance of impartiality, the state has shown beyond a reasonable doubt that it could not have affected the verdict: Juror K. was dismissed from the jury before deliberations began. The jurors were admonished not to discuss the trial with anyone, including each other, before deliberations. We presume the jury followed its instructions. *State v. Newell*, 212 Ariz. 389, ¶ 68, 132 P.3d 833, 847 (2006). Whatever

7

partiality Juror K. may have evinced thus could not have affected the verdict. *See Hickman*, 205 Ariz. 192, ¶ 31, 68 P.3d at 425.

**¶22**    With respect to Juror G., because Granados did not ask the trial court to strike her from the jury below, we review only for fundamental, prejudicial error. *See State v. Valverde*, 220 Ariz. 582, ¶ 12, 208 P.3d 233, 236 (2009). But because he does not argue the court's failure to strike Juror G. sua sponte created fundamental error, and because we cannot characterize it as such, he has waived this argument on appeal. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App. 2008) (absent argument, fundamental error claim waived on appeal); *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) (court will not ignore fundamental error if it finds it). Moreover, Juror G. was also dismissed before deliberations, and, because she could not have impacted the verdict, Granados cannot show he was prejudiced. *See Hickman*, 205 Ariz. 192, ¶ 31, 68 P.3d at 425.

**¶23**    Granados also appears to argue the trial court should have dismissed jurors four and nine for misconduct. But he offers no argument on what these jurors did that would have constituted misconduct. Accordingly, this argument is waived on appeal. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) (argument "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"); *State v. Bolton*, 182 Ariz. 290, 298, 896 P.2d 830, 838 (1995) ("Failure to argue a claim on appeal constitutes waiver of that claim.").

## State of Mind Evidence

**¶24**    Granados lastly argues the trial court erred by precluding "evidence of Mr. Granados's state of mind" which would have weighed "on the finding of intent or the reflection that is needed to form premeditation." We review the court's evidentiary ruling for an abuse of discretion. *Fischer*, 219 Ariz. 408, ¶ 24, 199 P.3d at 671. But premeditation is not an element of any crime with which Granados was charged. Further, on appeal, Granados does not identify with specificity what evidence he believes should have been admitted. Nor does he explain how the evidence he claims

should have been admitted was relevant to his claim of "impaired . . . impulse control abilities" or the mens rea requirements of the crimes for which he was convicted. Thus, although he claims the evidence was "clearly admissible," Granados has provided insufficient argument on appeal for this court to review his claim. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi*)*; *Bolton*, 182 Ariz. at 298, 896 P.2d at 838. Accordingly, the claim is waived. *See Bolton*, 182 Ariz. at 298, 896 P.2d at 838.

## Disposition

¶25        For the foregoing reasons, as well as those set out in our separate opinion, we affirm Granados's convictions and sentences.