631 P.2d 1105

**The STATE of Arizona, Appellee,**

v.

**Roosevelt BENFORD, Jr., Appellant.**

**2 CA–CR 2224.**

Court of Appeals of Arizona, Division 2.

June 4, 1981.

Rehearing Denied July 2, 1981.

Review Denied July 21, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

OPINION

BIRDSALL, Judge.

Appellant was convicted of theft of property with a value of more than $100 with two prior felony convictions. He was sentenced to the presumptive term of imprisonment of 10 years and given credit for time served.

The sole issue on appeal is whether a communication between the judge and the jury, after it retired to deliberate, was reversible error. We hold that it was not.

Appellant was charged with stealing 15 pairs of leather work gloves from a hard-

ware store. The jury retired to deliberate at 10:30 a. m. At approximately 2:28 p. m. the same day, the jury sent a note to the judge. The note read, "How do you determine 'Fair Market Value' of anything? What is 'Fair Market Value'?" Without informing counsel or the defendant of the note, the judge wrote this reply on the note over his signature: "On the evidence presented in court." A record was made of the exchange and the note was filed in court. The jury returned a verdict of guilty of theft and a finding that the property stolen had a value greater than $100 at approximately 4:00 p. m. that same day.

Appellant contends that this communication between the judge and jury was reversible error regardless of actual prejudice to him.

Under circumstances which warrant an irrebuttable presumption of prejudice, judge-jury communications have been held to be reversible error. See State v. Robin, 112 Ariz. 467, 543 P.2d 779 (1975) (the jury sent the judge questions about the facts of the case and the judge answered from his notes and his recollections); State v. Werring, 111 Ariz. 68, 523 P.2d 449 (1974) (counsel were informed of the jury note's contents but were not allowed to see the note or to make a record of the incident. The judge went into the jury room and answered the questions in the note and others posed by the jurors); State v. Burnetts, 80 Ariz. 208, 295 P.2d 377 (1956) (without consulting counsel or making a record, the judge delivered an exhibit to the jury room door and responded to juror's questions about the case); State v. Corrales, 121 Ariz. 104, 588 P.2d 846 (App.1978) (the jury's note said that they could not reach a decision and the judge responded that they should continue their deliberations but made no record of the exchange). Without question, the communication between judge and the jury in this case violated Rule 22.3, 17 A.R.S. Rules of Criminal Procedure and was error. However, such error does not always amount to reversible error. See State v. Davis, 117 Ariz. 5, 570 P.2d 776 (App.1977). If it can be determined beyond a reasonable doubt that there was no prejudice to appel-lant, such communication is harmless error. See State v. Mata, 125 Ariz. 233, 609 P.2d 48 (1980).

The response the court made to the jury in this case was, in essence, a refusal to answer. He merely directed their inquiry to the evidence as the jury instructions had done. This communication was not the type which warranted an irrebuttable presumption of prejudice in Burnetts, Werring and Robin. Cf. State v. Davis, supra, (the judge's ex parte recitation to the jury of the charge with an instruction to follow the instructions that the court had previously given was held not to be reversible error). The judge's response did not include a comment on the facts or law of the case and was not coercive in any way. Thus, the elements noted in State v. Mata, supra, as requiring reversal, are absent here. This case is further distinguishable from Burnetts and Corrales because a record was made of the transaction so any possible prejudice would be ascertainable.

Appellant argues that the judge's statement was a comment on the facts since the only evidence of the value of the gloves was their retail price in the store from which they were stolen. We disagree. There was other evidence of the value of the gloves because the gloves in question were part of the evidence. Even if there had been no other evidence, the judge's response cannot be read as a comment on the facts. When defendant rested, the judge told the jury they had all the evidence they were going to get. When the judge responded that they should look to the evidence he did not foreclose them from finding that the evidence was insufficient nor did he indicate that they should find that the value was more than $100.

Alternatively, in the absence of a presumption of prejudice, appellant argues that he was actually prejudiced by the judge's failure to disclose the jury's inquiry to him or his counsel. Appellant contends that if he had known of the jury's inquiry he would have suggested an instruction that would allow the jury to find fair mar-

ket value to be the wholesale price of the gloves. Since there was no evidence of the wholesale price of the stolen merchandise, such an instruction would have been improper. *See State v. Smith*, 113 Ariz. 298, 552 P.2d 1192 (1976).

Another instruction appellant argues he would have requested, and which might have been given, was that the jury may determine fair market value from all of the facts and circumstances involved, citing *State v. Cope*, 7 Ariz.App. 295, 438 P.2d 442 (1968). We fail to see any distinction between this instruction and telling the jury to make the determination from the evidence presented in court.

The last instruction appellant claims he would have suggested, if given the opportunity, was taken from *State v. Ware*, 27 Ariz.App. 645, 557 P.2d 1077 (1976).

"Fair market value is the highest price estimated in terms of money, for which the property would have sold in the open market at that time and in that locality, if the owner was desirous of selling, but under no urgent necessity of doing so, if the buyer was desirous of buying but under no urgent necessity of doing so, if the seller had a reasonable time within which to find a purchaser, and if the buyer had knowledge of the character of the property and of the uses to which it might be put." 27 Ariz.App. at 652 n.5, 557 P.2d at 1084 n.5.

In approving this instruction, Division One observed that the instruction "allowed the jury to use all the *evidence presented* to determine the fair market value ..." of the property. (emphasis added) *Id.* at 652, 557 P.2d at 1084. We find that the court's response in appellant's case achieved this goal.

In essence, appellant argues that the jury's inquiry showed the inadequacy of the original instructions and that he should have been allowed to suggest additional instructions. The court, however, would not be required to give additional instructions. *See State v. Whitaker*, 112 Ariz. 537, 544 P.2d 219 (1975). Furthermore, appellant did not object to the jury instructions when they were given and his failure to do so waived any question as to their adequacy. *See State v. Porter*, 122 Ariz. 453, 595 P.2d 998 (1979).

We hold that appellant was not prejudiced by the court's action. We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.