672 P.2d 929

**STATE of Arizona, Appellee,**

v.

**Albert Lee SHUMWAY, Appellant.**

**No. 5910–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 26, 1983.

Reconsideration Denied Dec. 6, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

The defendant's conviction of negligent homicide, A.R.S. § 13–1102(A), was reversed by the Court of Appeals, *State v. Shumway*, 137 Ariz. 600, 672 P.2d 944 (1983), and we granted the state's petition for review. We have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

We must consider two issues on appeal:

1. Did the trial court's communication with the jury, outside the presence of the defendant and his counsel, constitute reversible error?

2. Did the trial court err in refusing to give the defendant's requested instruction dealing with the decedent's duty to yield the right of way?

The facts necessary for a determination of these issues are as follows. At approximately 6:45 p.m. on 25 August 1980, the defendant's Buick stationwagon, which was traveling west in excess of the posted speed limit, collided with the decedent's Oldsmobile sedan as the decedent attempted to turn left onto 59th Avenue from Northern Avenue in Glendale, Arizona. The driver of the Oldsmobile died at the scene of the accident.

Although the defendant passed a field sobriety test, he was voluntarily taken to the Glendale Police Department where a blood-alcohol reading of 0.11 was obtained. At his trial, the defendant argued that (1) the alcohol in his system did not impair his driving skills, (2) his auto's speed did not render him criminally negligent, and (3) the deceased failed to yield to oncoming traffic in making her left hand turn, causing the accident. Defendant's requested instruction concerning the decedent's duty to yield the right of way was denied by the trial judge.

After the jury deliberation began, the trial judge received a note from the jury asking what blood-alcohol level is considered "illegal" by city and state authorities. The trial judge, without consulting counsel, responded in writing that "[T]here is no law in Arizona that states a specific blood alcohol level that is legal or illegal. The blood alcohol level is one fact to be considered with all of the other facts." The jury found the defendant guilty of negligent homicide, and after being sentenced to the presumptive four year term, the defendant appealed.

Since the jury communication made by the trial judge was without notice to the defendant, the Court of Appeals reversed the defendant's conviction. First, the Court of Appeals found the communication erroneous, and therefore prejudicial. This finding was based upon the fact that the response was, in part, "an incorrect expression of the law," under A.R.S. § 28–692(B)(3). This statute provides that a driver is presumed under the influence of alcohol when his blood alcohol content exceeds 0.10. The Court of Appeals also found that the statement contained "an improper expression of [the trial judge's] opinion concerning the importance of that evidence." Finally, the Court of Appeals found reversible error in the trial court's refusal to give the defendant's requested jury instruction concerning the duty to yield the right of way while making a left turn. We agree with the Court of Appeals' finding that the instruction should have been given, but disagree with the Court of Appeals determination that the communication between the trial judge and jury outside the presence of counsel was prejudicial to the defendant.

## JURY COMMUNICATION

The law in this state is that a trial judge may not communicate with a deliberating jury unless the defendant and counsel have been notified. *State v. McDaniel,* 136 Ariz. 188, 197, 665 P.2d 70, 79 (1983); *State v. Mata,* 125 Ariz. 233, 240–41, 609 P.2d 48, 55–56, cert. denied 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980); *State v. Benford,* 129 Ariz. 447, 448, 631 P.2d 1105, 1106 (App.1981); Rule 22.3, Arizona Rules of Criminal Procedure, 17 A.R.S. Since neither the defendant nor the attorneys were notified, the communication was plainly error.

It is also the rule, however, that erroneous jury communications do not require reversal if it can be said beyond a reasonable doubt that the defendant was not prejudiced by the communication. *State v. McDaniel,* supra; *State v. Mata,* supra; *State v. Benford,* supra. We believe in the instant case that the trial judge's written response here was non-prejudicial because it did not impart any erroneous information to the jury. The statement could have been material and reversible had this action been a prosecution for driving while intoxicated. This was, however, a prosecution for negligent homicide. As

such, the relationship between defendant's blood alcohol-level and the alleged negligence, while relevant, was merely one of a number of facts, including the speed of the defendant's vehicle and defendant's manner of operating the vehicle. The trial judge noted this in the second sentence of his response when he stated that "the blood alcohol level is one fact to be considered along with all other facts."

We believe the trial judge's response to the jury question, though incomplete, did not incorrectly state the law on the subject of blood-alcohol content at the time of the accident. Under A.R.S. § 28–692(B)(3) as it existed at the time of the accident, when a driver's blood alcohol level was equal to or greater than 0.10, there was a presumption that the driver was "under the influence of intoxicating liquor." But that was a presumption only, and not the equivalent of illegal conduct per se. *See State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983); *State v. Burgess,* 82 Ariz. 200, 203, 310 P.2d 822, 824–25 (1957). The judge merely stated that it was "*one* fact to be considered *with all of the other* facts,*" (emphasis supplied) and we find no prejudice to the defendant in that response.

■ Neither do we believe that the court's response reflects an expression of the trial judge's opinion as to the importance of any fact in this case. The response did not amount to a comment on the evidence, which occurs when the judge tells the jury his opinion of what the evidence does or does not show. *See State v. Parker,* 116 Ariz. 3, 7, 567 P.2d 319, 323 (1977). We find no prejudice to the defendant in the judge's response, even though the judge erred in responding without first notifying counsel and defendant.

### DEFENDANT'S REFUSED INSTRUCTION

The trial judge refused to give the defendant's requested instruction that

The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.

The trial judge did not state in the record his reason for refusing the proffered instruction. It appears, however, that the trial judge agreed with the state's argument that contributory negligence is not a defense to a negligent homicide prosecution, and the judge assumed that the only purpose of the requested instruction was to present a defense theory of negated responsibility due to contributory negligence by the decedent. The Court of Appeals disagreed and so do we.

■ While it is true that in a criminal prosecution for negligent homicide the contributory negligence of the deceased is not a defense, *State v. Nerison,* 28 Wash.App. 659, 661, n. 1, 625 P.2d 735, 737, n. 1 (1981), the trier of fact may still consider the decedent's conduct when determining whether the defendant's act was criminally negligent. See *Wren v. State,* 577 P.2d 235, 238 (Alaska 1978); *Williams v. State,* 554 P.2d 842, 845 (Okl.Cr.App.1976); *State v. Nerison,* supra. In the instant case, the decedent's conduct may be relevant because her failure to yield the right of way could relieve the defendant of criminal responsibility. For example, the defendant might prove that he expected the victim to yield and, therefore, did not slow down as he approached the intersection. The jury might therefore conclude that the defendant's failure to slow down was not criminal negligence, i.e., "a gross deviation from the standard of care that a responsible person would observe in the situation." A.R.S. § 13–105(5)(d).

■ A party is entitled to an instruction on any theory of the case reasonably supported by the evidence. *State v. Axley,* 132 Ariz. 383, 392, 646 P.2d 268, 277 (1982); *State v. Miller,* 108 Ariz. 441, 445, 501 P.2d 383, 387 (1972). The facts show that the decedent was in the middle of the intersection at the moment of impact, and that the defendant, who was not running a red light, had the right of way in that intersection.

We believe, as did the Court of Appeals, that refusal of the defendant's instruction was erroneous. We acknowledge that the requested instruction was merely a verbatim repetition of the left turn statute. It would have been better, and much clearer to the jury, if such an instruction had been combined with an instruction similar to RAJI, Negligence, 14. Nevertheless, we believe that giving the "bare bones" of the left turn statute would have enabled the defendant to argue the effect of the decedent's actions on defendant's culpability. This was apparently his defense in the case, and the instruction should therefore have been given.

The decision of the Court of Appeals regarding the trial judge's communication to the jury is vacated. As to the treatment of defendant's requested instruction, the decision of the Court of Appeals is affirmed. The defendant's conviction is reversed, and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.