SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                      )  Arizona Supreme Court
                                       )  No. CR-03-0160-AP
                        Appellee,      )
                                       )  Maricopa County Superior
           v.                          )  Court
                                       )  No. CR 2001-090195
ALBERT MARTINEZ CARREON,               )
                                       )  **S U P P L E M E N T A L**
                        Appellant.     )  **O P I N I O N**
                                       )
_____)

Appeal from the Superior Court of Maricopa County
Honorable James H. Keppel
**SENTENCES AFFIRMED**
_____

TERRY GODDARD, ATTORNEY GENERAL                           Phoenix
   By      Kent E. Cattani, Chief Counsel
           Capital Litigation Section
           Dawn M. Northup, Assistant Attorney General
Attorneys for the State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER            Phoenix
   By      Brent E. Graham, Deputy Public Defender
           Karen M. Noble, Deputy Public Defender
Attorneys for Albert Martinez Carreon
_____

**M c G R E G O R,** Chief Justice

¶1      A jury convicted Albert Martinez Carreon of first

degree murder and sentenced Carreon to death.  The jury also

convicted Carreon of several non-capital offenses, for which the

trial judge imposed various terms of imprisonment.  We affirmed

his convictions and sentence of death in *State v. Carreon*, 210

Ariz. 54, ___ ¶ 100, 107 P.3d 900, 920 (2005).

¶2        In a supplemental brief filed after the United States Supreme Court issued its opinion in *Blakely v. Washington*, 542 U.S. 296 (2004), Carreon challenged the procedure by which the trial court imposed aggravated sentences for his non-capital convictions.  Carreon contends that the Sixth Amendment required a jury, not a judge, to find all of the aggravating factors on which the court relied in sentencing him.  In our previous opinion in this case, we stated that we would address this issue in a supplemental opinion.  *Carreon*, 210 Ariz. at ___ ¶ 125, 107 P.3d at 922.  This is that opinion.[1]  We find no error.

## I.

¶3        The trial judge sentenced Carreon to aggravated prison terms on his non-capital convictions pursuant to Arizona Revised Statutes (A.R.S.) § 13-604 (2001) and § 13-702 (2001).  Carreon does not assert that the trial judge erred in relying upon these statutes.  Carreon does not dispute that his use of a deadly weapon during the commission of his crimes brought him within the ambit of § 13-604 and does not argue that any sentence imposed for his non-capital offenses fell outside the sentencing range allowed under § 13-604 when one or more of the § 13-702.C aggravators are present.  Carreon also acknowledges that the State proved to the jury that he previously had been convicted

---

[1]    We exercise jurisdiction pursuant to Article 6, Section 5.3 of the Arizona Constitution and A.R.S. § 13-4031 (2001).

2

of two felonies and that he committed the offenses while on release from the Department of Corrections. Carreon's only claim is that the trial judge violated his Sixth Amendment right to a trial by jury by finding and relying upon aggravators other than those found by the jury.

¶4    Although the trial judge did not make specific findings of aggravation under A.R.S. § 13-702.C, he made the following statement with regard to the non-capital sentences:

> The defendant, as proven during the course of the trial, did have prior felony convictions and was on release at the time he committed these offenses. I further find that he's a stone-cold killer and a danger to society, all of which aggravating factors call for the maximum possible terms to be imposed.

¶5    The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to a trial by jury. That right continues through sentencing. The Sixth Amendment, however,

> does not remove from a trial judge the traditional sentencing discretion afforded the judge, so long as the judge exercises that discretion within a sentencing range established by the fact of a prior conviction, facts found by a jury, or facts admitted by a defendant. Once a jury finds the facts legally essential to expose a defendant to a statutory sentencing range, the sentencing judge may consider additional factors in determining what sentence to impose, so long as the sentence falls within the established range.[2]

---

[2]    Only those facts that increase the maximum sentence to which a defendant is exposed are legally essential to the defendant's sentence. *State v. Martinez*, ___ Ariz. ___ ¶ 21, ___ P.3d ___ (2005).

3

*State v. Martinez*, ___ Ariz. ___ ¶ 16, ___ P.3d ___ (2005).

¶6        The State alleged and proved at trial that Carreon had previously been convicted of two felonies, kidnapping and aggravated assault.  The presence of this aggravator alone exposed Carreon to the aggravated sentencing range of § 13-604.

¶7        Nonetheless, Carreon alleges that the trial judge violated his Sixth Amendment right by finding additional aggravating factors that were not admitted by him, not implicit in the jury's verdict, and not presented to the jury and found beyond a reasonable doubt.  We explicitly rejected Carreon's argument in *Martinez*.  Under our holding there, once constitutionally permitted factors made Carreon eligible for aggravated sentences, the trial judge could "find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in [the sentencing] statute." *Martinez*, ___ Ariz. at ___ ¶ 26, ___ P.3d at ___.

## II.

¶8        For the foregoing reasons, we affirm Carreon's non-capital sentences.

_____
Ruth V. McGregor, Chief Justice

CONCURRING:

_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice