NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

NATHANIEL BODINE CUMMINGS, *Appellant.*

No. 1 CA-CR 13-0544
FILED 07-10-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-133876-001
The Honorable Harriet E. Chavez, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Louise Stark
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**P O R T L E Y**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Nathaniel Bodine Cummings has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record. The brief also notes that Cummings has identified four issues and we will address those issues.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** In the early morning on June 26, 2012, Cummings entered a 7-Eleven convenience store. He made himself a plate of nachos and attempted to pay for the purchase using food stamps on an EBT card, but the store's computer system would not accept the card for the transaction. Cummings then placed one dollar on the counter, but the store clerk told him the total cost was $3.27. Cummings replied that he had more money, placed an additional dollar on the counter, along with a gun. Cummings moved the gun back and forth on the counter and repeatedly asked the clerk, "Do I owe you more money?" The clerk replied "Okay. It's okay. Just leave. I don't want any trouble in this store."

**¶3** Cummings left the store with his nachos and drove away in a truck. The store clerk called 911 and Phoenix police officers responded. Officers observed the truck and when it stopped, removed Cummings and a female passenger. The truck was searched and the police found a gun in the passenger's purse.

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

¶4        Cummings was arrested and subsequently indicted for armed robbery, a class two dangerous felony; aggravated assault, a class three dangerous felony; and misconduct involving weapons, a class four felony.  He was tried and a jury only convicted him of misconduct involving weapons.[2]   Cummings stipulated to four prior felony convictions, was subsequently sentenced to eight years in prison, and given 394 days of presentence incarceration credit.

¶5        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[3]

## DISCUSSION

¶6        Cummings argues that the superior court erred by denying his motion to admit hearsay statements made by the female passenger. We review the ruling excluding hearsay for an abuse of discretion.  *State v. Cruz*, 218 Ariz. 149, 162, ¶ 60, 181 P.3d 196, 209 (2008).  "Generally, a court abuses its discretion where the record fails to provide substantial support for its decision or the court commits an error of law in reaching the decision."  *State v. Cowles*, 207 Ariz. 8, 9, ¶ 3, 82 P.3d 369, 370 (App. 2004) (quoting *Files v. Bernal*, 200 Ariz. 64, 65, ¶ 2, 22 P.3d 57, 58 (App. 2001)) (internal quotation marks omitted).

¶7        Generally, hearsay evidence is inadmissible.  Ariz. R. Evid. 802.   Hearsay, however, as pertinent here, may be admitted either under Arizona Rules of Evidence ("Rule") 804 or 807.  Rule 804 allows hearsay to be admitted if the person making the statement is unavailable and the statement "expose[s] the declarant to . . . criminal liability; and . . . is supported by corroborating circumstances that clearly indicate its trustworthiness."   Ariz. R. Evid. 804(a), (b)(3); *see State v. Machado*, 226 Ariz. 281, 284-85, ¶ 18, 246 P.3d 632, 635-36 (2011).  Rule 807(a) allows hearsay "if the statement is not specifically covered by a hearsay exception in Rule . . . 804" and, in pertinent part, if "the statement has equivalent circumstantial guarantees of trustworthiness."

---

[2] Cummings was found not guilty of armed robbery, but the jury was hung on the aggravated assault charge.

[3] We cite the current version of all applicable statutes, unless otherwise noted.

¶8            Here, Cummings attempted to introduce the hearsay statements made by the female passenger that she was the owner of the gun and had exclusive possession of it during the time of the alleged incident.  The superior court found the statements lacked "circumstantial guarantees of trustworthiness" because the passenger made several contradictory statements about the gun.  As a result, the court denied Cummings's motion to admit the passenger's statements.  Because the passenger gave inconsistent statements about the gun which undermined its trustworthiness, a requirement under either Rule 804(b)(3)(B) or 807(a)(1), the court did not abuse its discretion by denying Cummings's motion.

¶9            Cummings next contends that his stipulation at trial that he was a prohibited possessor was used "as an admission that he possessed a gun on [the date of the incident]."  We disagree.

¶10            The superior court instructed the jury after both sides rested.  The jury was instructed about the elements of misconduct involving weapons – "[t]he crime of misconduct involving weapons requires proof that the defendant:  1. knowingly possessed a deadly weapon; *and* 2. was a prohibited possessor at the time of possession of the weapon."  (Emphasis in original.)  The jury instructions also stated that "[Jurors] are to treat a stipulation as any other evidence.  [Jurors] are free to accept it or reject it, in whole or in part, just as any other evidence."

¶11            Although Cummings stipulated that he was a prohibited possessor, one element of the offense, the jury was free to accept or reject the stipulation.  *See State v. Allen*, 223 Ariz. 125, 127, ¶ 11, 220 P.3d 245, 247 (2009) ("Although stipulations may bind the parties and relieve them of the burden of establishing the stipulated facts, stipulations do not bind the jury, and jurors may accept or reject them.").  Moreover, the jury was still required to determine whether the State proved the other element of the offense beyond a reasonable doubt – whether Cummings possessed a deadly weapon on the date of the alleged incident.  *See State v. Carreon*, 210 Ariz. 54, 64, ¶ 46, 107 P.3d 900, 910 (2005) (noting that a conviction requires that a jury find the defendant guilty beyond a reasonable doubt on every element of the offense charged), *supplemented by* 211 Ariz. 32, 116 P.3d 1192 (2005).  The jury was properly instructed and we presume the jury followed the court's instructions.  *See State v. Reyes*, 232 Ariz. 468, 471, ¶ 7, 307 P.3d 35, 38 (App. 2013).  Consequently, the stipulation Cummings entered into was not misused and we find no error.

¶12        Cummings also argues for the first time on appeal that the prosecutor engaged in misconduct by improperly focusing on his prior convictions. We disagree.

¶13        Because Cummings did not raise the issue at trial, we review for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). "To prevail . . . a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20. Prosecutorial misconduct is "conduct that is not merely the result of legal error, negligence, mistake, or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial." *State v. Martinez*, 221 Ariz. 383, 393, ¶ 36, 212 P.3d 75, 85 (App. 2009) (quoting *Pool v. Superior Court*, 139 Ariz. 98, 108-09, 677 P.2d 261, 271-72 (1984)) (internal quotation marks omitted).

¶14        Before Cummings testified, the court determined that the State could introduce his prior felony convictions for impeachment purposes, but precluded the State from disclosing the nature of the offenses. Cummings testified and admitted to having four prior felony convictions and testified that he pled guilty each of those offense because "I was guilty." On cross-examination, Cummings was asked and only told the jury about the dates of the offenses, the pleas, and his sentences. The State did not violate the court's pretrial order and did not disclose the nature of the felony convictions.

¶15        Moreover, Cummings has not demonstrated that he was unfairly prejudiced by the cross-examination. *See Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607. Accordingly, we find no error. *See State v. Watkins*, 133 Ariz. 1, 2-3, 648 P.2d 116, 117-18 (1982) (noting that the State may question a defendant regarding his or her prior convictions if the court finds that the probative value of the evidence outweighs the prejudicial effect); *see also Davis v. Alaska*, 415 U.S. 308, 316 (1974) (recognizing "the cross-examiner has traditionally been allowed to . . . discredit[] the witness" through the introduction of the witness's prior criminal convictions).

¶16        Cummings, however, argues he was prejudiced when the State questioned him about a petition for post-conviction relief on one of his prior convictions. Although the State asked Cummings about why he had filed a petition "to try to get out of that guilty plea," the court sustained Cummings's objection and subsequently struck the question and answer from the record. Furthermore, the final jury instructions

stated that "[a]ny testimony stricken from the court record must not be considered." Because the court sustained the objection and directed the jury to disregard the question and any answer, there was no prejudice. *See State v. Herrera*, 203 Ariz. 131, 134-35, ¶¶ 3, 8, 51 P.3d 353, 356-57 (App. 2002) (noting that striking objectionable testimony may be a sufficient remedy for trial error).

¶17        We have read and considered the opening brief and have searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Cummings was represented by counsel at all stages of the proceedings, and the sentence imposed was within the statutory limits.

¶18        After this decision is filed, counsel's obligation to represent Cummings in this appeal has ended. Counsel must only inform Cummings of the status of the appeal and his future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Cummings may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

¶19        Accordingly, we affirm Cummings's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: gsh