NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL CLEMETH MELVILLE, SR., *Appellant.*

No. 1 CA-CR 13-0627
FILED 07-29-2014

_____

Appeal from the Superior Court in Maricopa County
No. CR 2012-009547-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Advocate's Office, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

Paul Clemeth Melville, Sr., Tucson
*Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

---

**P O R T L E Y**, Judge:

**¶1**          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Paul Clemeth Melville, Sr. ("Senior") has advised us that, after searching the entire record, she has been unable to discover any arguable questions of law, and has filed a brief requesting us to conduct an *Anders* review of the record.  Senior has filed a supplemental brief.

### FACTS[1]

**¶2**          Senior and Paul Melville, Jr. ("Junior"), armed with guns, entered an apartment on November 7, 2012.  They found three men inside, J.R., L.N., and D.C., and Junior instructed the three to get to the floor, while he pointed a gun at J.R. and Senior pointed a gun at L.N.  After tying them up with zip-ties, Junior took J.R.'s cell phone, keys, and wallet.  In the meantime, Senior dragged D.C. upstairs, then returned downstairs and took L.N.'s keys and a cell phone, which he subsequently smashed.  Before leaving the apartment, Senior told L.N. not to call the police or they would kill them.  While outside, Senior approached another man, R.C., in the parking lot.  Senior pointed a gun at R.C. and searched his car.

**¶3**          Senior was subsequently arrested and charged with burglary in the first degree, three counts of kidnapping, three counts of armed robbery,[2] and four counts of aggravated assault.  He pled not guilty, but was convicted by a jury of the armed robbery and aggravated assault

---

[1] We view the facts "in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant."  *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997).

[2] One count of armed robbery was dismissed at trial.

charges.[3]  He was sentenced to 5 years each for the two armed robbery counts, 3.5 years each for two of the aggravated assault counts, and 7.5 years each for the remaining two aggravated assault counts.  All the counts were concurrent, except for the last aggravated assault count for 7.5 years, which was consecutive.  As a result, he was sentenced to prison for a total of fifteen years.  He also received 294 days of presentence incarceration credit and was ordered to pay $1112 in restitution.

¶4        We have jurisdiction over this appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[4]

## DISCUSSION

¶5        Senior argues that: (1) there was a biased jury; (2) the court erred by failing to apply the sequestration rule; (3) the State engaged in prosecutorial misconduct; and (4) the court improperly answered a jury question during deliberation and should have instead instructed the jury about reasonable doubt.  Because Senior failed to raise these issues at trial, we review them for fundamental prejudicial error.  *See State v. Henderson,* 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).  Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial."  *Id.*  To prevail, a defendant must also establish that the error caused prejudice.  *Id.* at ¶ 20.

## I.    Biased Jury

¶6        Senior contends that two biased jurors, jurors number nine and number twenty-four, were seated on the jury.  Those individuals were part of the venire for jury selection.  The record reveals that those two potential jurors did not sit on the jury and, therefore, did not listen to the evidence or participate in the deliberations.  Accordingly, we find no error.

---

[3] The jury found Senior not guilty of burglary, but was hung on the kidnapping charges.

[4] We cite the current version of the applicable statutes absent changes material to this decision.

## II.    Sequestration of Witnesses

¶7          Senior argues the court erred by allowing the victims to remain in the courtroom during the trial in violation of the sequestration rule.  At a party's good-faith request, the court may exclude a prospective witness during testimony of other witnesses.  Ariz. R. Crim. P. 9.3(a).  However, if the witness is a victim, "a person against whom the criminal offense has been committed," A.R.S. § 13-4401(19), the witness has the right to be present at all criminal proceedings.  Ariz. Const. art. 2, § 2.1(A)(3); Ariz. R. Crim. P. 39(a)(1), (b)(4); *see Patterson v. Mahoney*, 219 Ariz. 453, 455-57, ¶¶ 6-16, 199 P.3d 708, 710-12 (App. 2008) (vacating an order excluding victims from the courtroom).

¶8          Here, the court acknowledged that "the rule" was in effect, but noted that any named victim had the right to remain in the courtroom.  Although Senior claims that the victims, as witnesses, should not have been allowed to be in the courtroom during the trial, the court properly allowed them to remain in the courtroom throughout the criminal trial.  *See* Ariz. Const. art. 2, § 2.1(A)(3); *see also* Ariz. R. Crim. P. 39(b)(4).  Accordingly, the trial court did not err.

## III.    Prosecutorial Misconduct

¶9          Senior argues the prosecutor committed misconduct by: (1) calling witnesses the prosecutor knew were lying and preventing defense counsel from impeaching those witnesses; and (2) improperly charging Senior with armed robbery.  Senior, however, must demonstrate the prosecutor's conduct was so egregious that it infected the trial with unfairness and resulted in a conviction that denied him his due process rights.  *See State v. Roque*, 213 Ariz. 193, 228, ¶ 152, 141 P.3d 368, 403 (2006) (citation omitted).

¶10          Senior argues "[t]he state knew their witnesses were lying. Yet the prosecutor prevented the defense attorney from impeaching the witnesses."  Here, Senior lists several examples of purported misconduct. The list reveals his disagreement with the trial testimony, but not that the State called witnesses it knew would commit perjury.  Moreover, the record reveals that the defense had the ability to cross-examine all the witnesses.  For example, although the State objected to defense counsel's line of questioning and mode of impeachment of a detective, the trial court overruled the objections and allowed the cross-examination to proceed.  The jury then had to determine the credibility of the witnesses and what to believe in determining whether the State met its burden of

proof as to each element of each charge. *See State v. Rivera*, 210 Ariz. 188, 190, 194, ¶¶ 11, 28, 109 P.3d 83, 85, 89 (2005) ("Absent a showing that the prosecution was aware of any false testimony, the credibility of witnesses is for the jury to determine."); *see also State v. Carreon*, 210 Ariz. 54, 64, ¶ 46, 107 P.3d 900, 910 (2005) (noting that a person is convicted only if a jury finds the defendant guilty of each element of the crime beyond a reasonable doubt), *supplemented by* 211 Ariz. 32, 116 P.3d 1192 (2005). Consequently, the claim that the prosecutors knew the State's witnesses were lying and precluded impeachment fails based on the record.

¶11　　　　Senior also contends that he was improperly charged with armed robbery and, as a result, the State's case about the armed robbery was false. Specifically, Senior contends that the crime was not an armed robbery, but a "drug deal [that] went bad" because none of the victims testified that he demanded drugs or money.

¶12　　　　The State has the discretion to determine "whether to file criminal charges and which charges to file." *State v. Murphy*, 113 Ariz. 416, 418, 555 P.2d 1110, 1112 (1976) ("The duty and discretion to conduct prosecutions for public offenses rests with the county attorney."). The State has broad discretion in the manner that it exercises its power, however, it is prohibited from "acting illegally or in excess of [its] powers." *Id.*; *see* Ariz. R. Sup. Ct. 42, ER 3.8 ("The prosecutor in a criminal case shall . . . refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause."). Moreover, the time to challenge a charge in the indictment is before trial. *See* Ariz. R. Crim. P. 12.9, 13.5(e), 16.1(b); *see also State v. Anderson*, 210 Ariz. 327, 335-36, ¶¶ 16-17, 111 P.3d 369, 377-78 (2005) ("We require pretrial objections to an indictment in order to allow correction of any alleged defects before trial begins."); *State v. Moody*, 208 Ariz. 424, 439-40, ¶ 31, 94 P.3d 1119, 1134-35 (2004) ("[A]ll challenges to a grand jury's findings of probable cause must be made by motion followed by special action before trial; they are not reviewable on appeal.").

¶13　　　　Here, after evidence was presented to the grand jury, the grand jury found there was probable cause to charge Senior with armed robbery and the other charges. *See* A.R.S. § 21-413; *see also State ex rel. Collins v. Kamin*, 151 Ariz. 70, 71, 725 P.2d 1104, 1105 (1986) ("[The grand jury's] duty is to determine 'whether *probable cause* exists to believe that a crime has been committed and that the individual being investigated was the one who committed it.'" (quoting *State v. Baumann*, 125 Ariz. 404, 408, 610 P.2d 38, 42 (1980))). Because Senior's challenge to the indictment is too late, we find no error.

¶14        Moreover, J.R. and L.N., two of the men in the apartment, testified that Senior held them at gunpoint while either he or Junior took property from them; this is evidence which is sufficient to prove armed robbery beyond a reasonable doubt.[5]  It does not matter, however, as Senior argues, whether a police officer smelled marijuana when he went to the apartment or the victims did not assert that Senior demanded money or drugs; there was other evidence sufficient for the jury to find that the State proved the armed robberies in the apartment beyond a reasonable doubt.  The theory of the prosecution does not matter, so long as there are sufficient facts to support a finding that the State proved each element of each charge beyond a reasonable doubt.  Accordingly, we find no error.

## V.        Jury Question During Deliberation

¶15        Senior contends that the court erred while responding to a jury question during deliberation.  The jury sent out a note asking who the registered owners of the guns used by Senior and Junior were.[6]  The court, after discussion with both counsel, directed the jurors to rely on their notes, in addition to their individual and collective memories about the evidence presented at trial.

¶16        Senior argues that the judge mishandled the question and should have instructed the jury about reasonable doubt when the jury asked the question.  Senior contends that it was fundamental error for the judge not to have given a reasonable doubt instruction and the jury should have been instructed that "if the jury firmly [believes] that these [guns] are not owned by the Defendant then they must not find [him] guilty of any gun related offense."  We disagree.

---

[5] Armed robbery is "taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property" by a person or accomplice who "1. [i]s armed with a deadly weapon or a simulated deadly weapon; or 2. [u]ses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon."  A.R.S. §§ 13-1902(A), -1904(A).

[6] During trial, the jury submitted a question to a witness about who were the registered owners of the guns.  The court limited the question, but it was not directly asked of or answered by the witness.

¶17        Judges have broad discretion in determining how to respond to jury questions.  Ariz. R. Crim. P. 22.3 ("After the jurors have retired to consider the verdict, if they desire to have any testimony repeated, or if they or any party request additional instructions, the court *may* recall them to the courtroom and order the testimony read or give appropriate additional instructions." (emphasis added)); *State v. Cheramie*, 217 Ariz. 212, 219, ¶ 21, 171 P.3d 1253, 1260 (App. 2007), *aff'd in part and vacated in part on other grounds*, 218 Ariz. 447, 189 P.3d 374 (2008).  Judges cannot comment on matters of fact, but rather, must declare the law.  Ariz. Const. art. 6, § 27.  When a judge responds to a jury question by directing it to the evidence, it is essentially a refusal to answer.  *State v. Benford,* 129 Ariz. 447, 448, 631 P.2d 1105, 1106 (App. 1981).

¶18        Judges must instruct juries on basic legal principles, including reasonable doubt, before the commencement of deliberations. *State v. Johnson,* 173 Ariz. 274, 276, 842 P.2d 1287, 1289 (1992); *see State v. Portillo*, 182 Ariz. 592, 595-96, 898 P.2d 970, 973-74 (1995) (requiring the court to instruct the jury on the definition of reasonable doubt after the close of evidence).  The decision to further instruct a jury on a matter is within the trial court's discretion.  *See* Ariz. R. Crim. P. 22.3. Consequently, "[w]hen a jury asks a judge about a matter on which it has received adequate instruction, the judge may in his or her discretion refuse to answer, or may refer the jury to the earlier instruction."  *State v. Ramirez*, 178 Ariz. 116, 126, 871 P.2d 237, 247 (1994).

¶19        Here, prior to deliberation, the judge properly instructed the jury, including the following: "[E]vidence [is] . . . the testimony of witnesses and the exhibits introduced in court.  You should not guess about any fact."  During deliberation, a jury question was presented about the ownership of the guns used during the commission of the crimes. Because possession of the guns was the relevant fact for the armed robbery and aggravated assault charges, not the ownership of the guns, the trial court properly instructed the jurors to refer to their notes and memories of the evidence.  *See Benford,* 129 Ariz. at 448, 631 P.2d at 1106 (noting that a judge's response to refer back to evidence presented was not coercive or a comment on the facts or law of the case).

¶20        Moreover, because the court also properly instructed the jury about the elements of the offenses, as well as reasonable doubt, *see Portillo*, 182 Ariz. at 596, 898 P.2d at 974, the court did not have to give any other reasonable doubt instruction.  *See State v. Morales*, 139 Ariz. 572, 574, 679 P.2d 1059, 1061 (App. 1983) (finding that the court's referral to previously given instructions was within its discretion in response to a

jury query about a legal concept). Additionally, the jury instruction that Senior now suggests should have been given is factually and legally incorrect because registered gun ownership is not an element for aggravated assault or armed robbery. *See* A.R.S. §§ 13-1204, -1904. Consequently, the trial court did not err in the method it handled the jury question.

## VII.    Ineffective Assistance of Counsel

**¶21**        Defendant also contends he received ineffective assistance of counsel. We will not consider the issue, however, because his claim can only be raised in a petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) ("[I]neffective assistance of counsel claims are to be brought under Rule 32 proceedings . . . claims improvidently raised in a direct appeal, henceforth, will not be addressed by appellate courts regardless of merit.").

**¶22**        Having addressed the issues in the supplemental brief, we have also reviewed and searched the entire record for reversible error. We find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record, as presented, reveals that Senior was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory limits. Furthermore, the court properly calculated Senior's presentence incarceration credit.

**¶23**        After this decision is filed, counsel's obligation to represent Senior in this appeal has ended. Counsel must only inform Senior of the status of the appeal and Senior's future options, unless counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Senior may, if desired, file a motion for reconsideration or petition for review pursuant to the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶24**        Accordingly, we affirm Senior's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
F I L E D: gsh