NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

COWAN LAMAR BROWN, *Appellant.*

No. 1 CA-CR 21-0247
FILED 6-30-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-158216-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jennifer Roach
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1 Cowan Lamar Brown appeals his second-degree murder conviction and a $9 Victims' Rights assessment. For the following reasons, we vacate the Victims' Rights assessment but affirm Brown's conviction and sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013). One night in November 2018, Victim told his mother that he was going to the store. Soon after he stepped out of their apartment, she heard gunshots. One of their neighbors, Karin Castro-Rios, heard those gunshots and ran toward the shooting. Castro-Rios called 911 after seeing Victim lying on the ground, screaming.

¶3 Two nearby officers, working an unrelated call, also heard the gunshots and quickly arrived at the scene. Another officer responded and noticed Victim's open wound and blood-smeared clothes. When his mother approached the crowd congregating around him, Victim told her, "Mama, Cowan shot me. Cowan shot me, mama."

¶4 Victim survived transport to the hospital but died during surgery.

¶5 In December 2018, a Grand Jury indicted Brown for one count of second-degree murder, a class one dangerous felony. The State sought testimony from three witnesses who picked Brown out of a photo lineup: Castro-Rios, Antonio Quezada, and Kimberly Hoysradt. Despite their pretrial identifications, these witnesses refused to identify Brown when they testified. Quezada testified that he could not identify Brown in the courtroom because of Brown's face mask. Brown wore a mask to follow the Arizona Supreme Court's Covid-19 administrative order in effect at the time of trial.

¶6        On the fifth day of trial, before the jury entered the courtroom, the superior court addressed the witnesses' refusal to identify Brown. The court stated:

> And with respect to the issue of whether either of those witnesses were afraid of Mr. Brown, I think that's an inference that could be derived from the fact that I just personally do not find it credible that either one—of course, one of the witnesses said that he couldn't identify Mr. Brown if he had a mask on. I didn't find that to be particularly credible, but I'm not the jury. And the other witness said that she didn't have her glasses on, and that was never followed up on. So that is certainly an inference, but you know, the record will reflect what the record reflects.

The court informed the parties that it would not order Brown to remove his mask.

¶7        Brown moved to prevent the State from arguing to the jury that the witnesses refused to identify Brown out of fear. Outside the jury's presence, the superior court denied Brown's motion and described the witnesses' testimony as "a little suspect." During closing arguments, the State told the jury that it could determine whether fear influenced the witnesses' "hesitation to identify the defendant in court."

¶8        The jury found Brown guilty of second-degree murder with four aggravating circumstances. The superior court sentenced Brown to 22 years' imprisonment with 932 days of pre-incarceration credit. The court ordered Brown to pay $64 in court fees, including a $9 assessment to the Victims' Rights and Compensation Fund.

¶9        Brown timely appealed, and we have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 13-4031, -4033(A)(1).

## DISCUSSION

¶10        Brown argues the superior court violated the prohibition against judicial comment on the evidence. By failing to object to the court's comments, Brown forfeited his right to appellate relief absent fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 564–65, ¶ 8 (2005). To prove fundamental error, Brown must establish: (1) the court erred; (2) the error goes to the foundation of the case, deprived him of a right essential to his defense, or is so egregious that it robbed him of a fair trial; and (3) he suffered prejudice. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018).

¶11　　　　"Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Ariz. Const. art. 6, § 27. A judge improperly comments on the evidence "by expressing an opinion as to what the evidence proves in a way that interferes with the jury's independent evaluation of that evidence." *State v. Riley*, 248 Ariz. 154, 179, ¶ 85 (2020) (cleaned up).

¶12　　　　Brown points to the court's comments that the jury could infer Castro-Rios, Quezada, and Hoysradt refused to identify him in court because they were afraid of him. But the court made these statements outside the presence of the jury when ruling on Brown's motion in limine. *See State v. Shumway*, 137 Ariz. 585, 588 (1983) ("[A] comment on the evidence . . . occurs when the judge *tells the jury* his opinion of what the evidence does or does not show.") (emphasis added).

¶13　　　　Brown contends the court's comments are nonetheless constitutionally problematic because they reached the jury "through the vehicle of the State's closing argument." The court noted a potential inference, and the State argued the same inference in closing: the jurors could conclude that fear or another emotion influenced the witnesses' testimony. Brown provides no authority for his "vehicle" theory in which the State's otherwise legally proper closing argument transformed into the court's constitutionally impermissible comment. We find no error.

¶14　　　　Brown also argues the superior court improperly imposed the $9 assessment to the Victims' Rights and Compensation Fund. The State concedes the court erred when it imposed the assessment.

## CONCLUSION

¶15　　　　We vacate the Victims' Rights assessment but otherwise affirm Brown's conviction and sentence.

